# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
### CENTRAL DIVISION

| | | |
|---|---|---|
| **MARK P. REYNOLDS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 2:20-cv-04081-MDH** |
| | ) | |
| **MU HEALTH CARE ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is Defendants' Motion to Dismiss (Doc. 27) Plaintiff's pro se Complaint (Doc. 1), asserting claims against MU Health Care ("MUHC"), University Hospital Medical Records, M.U. University Hospital, University of Missouri Health Center, and University of Missouri Psychiatric Center ("University Defendants") for violation of various constitutional rights, through 42 U.S.C. § 1983, stemming from alleged violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552(f); the Privacy Act of 1974, 5 U.S.C. § 552a; and the Public Health Service Act ("PHSA"), 42 U.S.C. § 290dd-2. Plaintiff also asserts claims relating to the Administrative Procedure Act, 5 U.S.C. § 702; and the Mandamus Act, 28 U.S.C. § 1361. Plaintiff asks for damages, declaratory relief, injunctive relief, and expungement relief from his injuries. For the reasons set forth herein, the Court **GRANTS** Defendants' Motion to Dismiss in its entirety.

## BACKGROUND

Plaintiff Mark Reynold's Complaint appears to be based on records allegedly created, maintained, and disclosed by Defendants relating to his involuntary commitment for substance abuse-related treatment in April 2011. (Doc. 34 Ex. 3). Plaintiff subsequently was denied the

ability to purchase or redeem a firearm in 2012. (Doc. 45 Ex. 5). Plaintiff was denied under 18

U.S.C. § 922(g)(4), which prohibits a person from purchasing a firearm if the person has been

committed to a mental institution. *Id*. The Federal Bureau of Investigation ("FBI") cited that

Plaintiff's history of commitment was discerned through the National Instant Criminal

Background Check System ("NICS). (Doc. 45 Ex. 5). The letter stated the information was

obtained through the Boone County Circuit Court. *Id*. (Plaintiff's Reply Suggestions to Motion for

Default Judgment, Ex. 5). The FBI's acknowledgement that it acquired the records at issue from a

source other than Defendants, without any additional evidence linking Defendants' actions to the

Boone County record, essentially destroys Plaintiff's claims against Defendants in this case.

Plaintiff has alleged that Defendants violated his constitutional rights by disclosing the

medical record at issue, citing FOIA, the Privacy Act, and the PHSA. Defendants[1] in turn claim

that Plaintiff's Complaint lacks subject matter jurisdiction, that the Complaint should be dismissed

for failure to state a claim upon which relief can be granted, and Plaintiff's Complaint should be

dismissed because all Defendants cannot be sued based on the Eleventh Amendment or the

doctrine of sovereign immunity. Additionally, the Individual Defendants contend that the

Complaint should be dismissed against them for lack of personal jurisdiction and the doctrine of

official immunity.

## STANDARD

"To survive a motion to dismiss [under 12(b)(6)], a complaint must contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v.*

---

[1] The Curators of the University of Missouri ("the Curators") filed the subsequent motions and
suggestions relating to this Complaint on behalf of the University Defendants, contending that
none of the purported University Defendants is a legal entity capable of being sued, and that
upon information and belief, Plaintiff intended to sue the Curators.

*Iqbal*, 556 U.S. 662, 678 (2009).  A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*  The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully.  *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions.  *Ashcroft*, 556 U.S. at 678.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.*

The court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Ashcroft*, 556 U.S. at 679.  The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation.  *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009).

## DISCUSSION

Plaintiff asserts claims under 42 U.S.C. § 1983, alleging that Defendants deprived him of his Constitutional rights through various means, mainly by their alleged disclosure of his medical record, detaining him involuntarily at Defendants' hospital, and allegedly conspiring to deprive Plaintiff of his constitutional rights. The Court finds it prudent to note at the start that all of Plaintiff's claims operate under the assumption that Defendants disclosed Plaintiff's medical record. Nowhere in Plaintiff's Complaint or subsequent pleadings does Plaintiff allege additional facts that would tend to support an inference that Defendants actually disclosed the information, or that the record held by Defendants is what actually ended up in the NICS Index. Plaintiff's allegation is further weakened by the fact that, in his denial of the ability to purchase a firearm, the FBI noted that it was aware of the record through the Boone County Circuit Court. Thus, Plaintiff's

overriding allegation is merely a legal conclusion that cannot survive a motion to dismiss, but Plaintiff's individual claims are discussed below. For the reasons set forth herein, the Court finds that Plaintiff has failed to properly state a claim under any of his theories, warranting dismissal under the Federal Rules of Civil Procedure Rule 12(b)(6).

### Record Disclosure Claims

The bulk of Plaintiff's claims rest on allegations that Defendants illegally disclosed the records relating to Plaintiff's involuntarily mental health commitment at Defendants' facilities, relating to substance abuse issues. Taking Plaintiff's factual allegations as true, the Court nevertheless finds that the records- and privacy-related laws that Plaintiff invokes are inapplicable to Defendants or do not provide Plaintiff a cause of action. None of the Defendants are an "agency," as defined under 5 U.S.C. § 551(1), and thus none are an agency as required under either the Freedom of Information Act, 5 U.S.C. § 552(f), or the Privacy Act, 5 U.S.C. § 552a(a)(1), or for purposes of judicial review of "agency action" under the Administrative Procedure Act, 5 U.S.C. § 702. Plaintiff also invokes the Mandamus Act, 28 U.S.C. § 1361, but this is similarly inapplicable to Defendants because none are "an officer or employee of the United States or any agency thereof."

Plaintiff further alleges that Defendants violated 42 C.F.R. § 2.01 et seq. regulations, which were promulgated in accordance with 42 U.S.C. § 290dd-2, a part of the Public Health Service Act. These regulations prohibit disclosure of medical records relating to substance abuse disorder treatment conducted by or through a federally assisted program. 42 C.F.R. § 2.12. Defendants claim in their pleadings that the University Defendants do not operate a program that is "federally assisted" within the meaning of the statute and regulations. However, the University of Missouri, upon its release of records to Plaintiff, flatly contain provisions in the disclosed documents that

state that the records are protected under 42 C.F.R., Part 2. (*See* Doc. 35, Ex. 3). Still, it is well established that 42 U.S.C. § 290dd-2 does not provide a private cause of action that can be enforced via § 1983, as Plaintiff is seeking to do. *See, e.g., Doe v. Broderick,* 225 F.3d 440 (4th Cir. 2000); *Chapa v. Adams*, 168 F.3d 1036 (7th Cir. 1999), *cert. denied*, 528 U.S. 839.

Plaintiff further alleges that Defendants violated the Missouri Sunshine Law, MO. REV. STAT. § 610.010 et seq. However, Plaintiff admits that the records he requested from Defendants were produced to him on May 16, 2019 (Complaint, 6). Furthermore, Plaintiff submits evidence that he requested, and subsequently received, his medical records from Defendants no later than May 24, 2011. (Plaintiff's Suggestions in Opposition to Motion to Dismiss, Ex. 2). Plaintiff submits no evidence that Defendants failed their duty under § 610.023.

Lastly, Plaintiff states a claim for expungement (Complaint, 6). The Court recognizes that, under MO. REV. STAT. § 610.140, a person who has been found guilty of certain criminal offenses can apply to the court in which the person was found guilty for an order expunging records of an "arrest, plea, trial, or conviction." This statute is inapplicable to the claims or facts brought forth by Plaintiff in this case.

In conclusion, the Court finds that Plaintiff's claims regarding the recordkeeping and disclosure of his medical record by Defendants fail.

### Constitutional Claims

Plaintiff broadly claims that Defendants violated his First, Second, Third, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendment rights. (Complaint, 17). Plaintiff asserts a cause of action under 42 U.S.C. § 1983, and bases his allegations on the alleged wrongful creation, maintenance, and disclosure of his medical record by Defendants. Plaintiff offer no facts or other

theories as to how Defendants engaged in any conduct that deprived Plaintiff of any enumerated rights provided by the Amendments invoked.

In particular, Plaintiff suggests that his Second Amendment right to bear arms was violated, because he was denied the ability to purchase a firearm due the information, or similar information, at issue in the medical record ending up in the NICS Index. Aside from conduct relating to the disclosure of the medical record, Plaintiff's Second Amendment rights were not violated—the Brady Handgun Violence Protection Act provides in relevant part that "It shall be unlawful for any person…who has been committed to a mental institution…to…possess…any firearm or ammunition…" 18 U.S.C. § 922(g)(4). While the Act itself may be reviewed for its constitutionality, *see, e.g., Printz v. U.S.*, 521 U.S. 898 (1997), in any event the Defendants themselves did not violate or otherwise restrict Plaintiff's Second Amendment rights.

Because Plaintiff's claims  against Defendants of alleged violations of his enumerated rights found in the First, Second, Third, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments are broadly claimed, but empty of facts or cognizable legal theories as to whether or not Plaintiff was in fact deprived of any relevant right, or as to whether Defendants engaged in any conduct that would suggest a reasonable inference that they did so deprive Plaintiff, the Court finds that these claims fail under Rule 12(b)(6).

### Other Claims

Plaintiff alleges that Defendants committed the tort of false imprisonment against him, based on the 2011 involuntary commitment. (Complaint, 4, 19, 26, 28, 29). Plaintiff's claim here fails under Rule 12(b)(6) because Plaintiff's accusation is a mere legal conclusion, and Plaintiff does not allege any facts supporting the conclusion that his detention was, in fact, unlawful. *See Gibbs v. Blockbuster, Inc.*, 318 S.W.3d 157, 169 (Mo. App. E.D. 2010).

Plaintiff further asserts claims for defamation (Complaint 4-5, 15, 25,26, 39), negligent or intentional infliction of emotional distress (Complaint, 13), and invasion of privacy (Complaint 16), all of which are based on Plaintiff's claims of Defendants' alleged wrongdoing relating to creating, maintaining, and disclosing the medical record at issue. These claims are also bare legal conclusions that do not allege any facts sufficient to support an inference that Defendants engaged in the elements of any of these claims. Furthermore, Plaintiff's state law claims here are barred by the applicable statute of limitations. *See,* MO. REV. STAT. § 516.140 (defamation and false imprisonment claims carry with them a statute of limitations of two years); § 516.120 (Missouri's general statute of limitations of five years). Plaintiff's alleged injuries arise from his April 2011 involuntary commitment. Having filed this action on May 14, 2020, these claims are well beyond the two or five years limitations.

Plaintiff also alleges that Defendants committed multiple criminal offenses, including abuse of an elderly person under MO. REV. STAT. § 565.184 (Complaint, 7), interfering with a federally protected activity under 18 U.S.C. § 245 (Complaint, 12), and conspiring against Plaintiff's constitutional rights under 18 U.S.C. (Complaint, 18). While Plaintiff fails to assert facts that would suggest that Defendants engaged in conduct meeting the elements of any of these crimes, Plaintiff, as a private party, also lacks standing to prosecute Defendants for any criminal offense.

## CONCLUSION

This Court finds that Plaintiff has not stated a cognizable civil cause of action that would entitle him to recover, and so finds that Plaintiff has not stated a claim for relief that is plausible on its face, as required to avoid dismissal under Rule 12(b)(6). For the reasons set forth herein, the

Court **GRANTS** Defendants' Motion to Dismiss.  Plaintiff's claims against the all named Defendants, as well as the Curators of the University of Missouri, are dismissed with prejudice.


**IT IS SO ORDERED.**

Dated: August 19, 2020                                   _/s/ Douglas Harpool_____
                                                                 **DOUGLAS HARPOOL**
                                                                 **United States District Judge**